**UNDERWOOD v. CAPITAL TRANSIT CO.**

No. 10265.

United States Court of Appeals
District of Columbia Circuit.

Argued May 8, 1950.

Decided May 29, 1950.

---

Mr. Foster Wood, Washington, D. C., with whom Mr. Howard J. McGrath, Washington, D. C., was on the brief, for appellant.

Mr. Frank F. Roberson, Washington, D. C., with whom Mr. George D. Horning, Jr., Washington, D. C., was on the brief, for appellee.

Before CLARK, WASHINGTON, and BAZELON, Circuit Judges.

CLARK, Circuit Judge.

Appellant, Underwood, plaintiff below, was a passenger on appellee's street car on the 28th of May, 1945, when it collided with the rear of another street car which had stopped to unload passengers. Appellant claimed that she was thrown down and that as a result of this accident she had sustained certain serious injuries which have incapacitated her. Her story was that there was a crash; that she was thrown over against a window and down; that the crash of glass was heard from the other street car; and that the conductor of the car on which she was riding helped her up. One of appellant's witnesses, the operator of the street car which was hit, however, testified that there was only a "bump", and that there was no broken glass. When the appellee presented its defense, the conductor of the car on which appellant was a passenger was produced as a witness. He testified that there was only a "little bit of a bump" which was of insufficient force to throw him off balance; that to his knowledge none of the passengers were thrown to the floor or in any way discommoded or hurt; and that he made no offer of any assistance to any of them.[1] Another witness for appellee testified that he inspected the cars involved in the accident and that the only damage that he could find "was just the paint slightly scratched on each bumper." Appellant's case was submitted to the jury on the doctrine of *res ipsa loquitur*, and with the evidence in this posture on the question of liability *vel non*, the jury returned a verdict for appellee.

Appellant has launched a two pronged attack on the results of the proceedings below. In the first place she claims that no evidence was offered by appellee that would warrant the jury denying plaintiff the right to recover. This proposition is predicated in a misunderstanding of the function of the doctrine of *res ipsa loquitur* in this jurisdiction. In Safeway Stores v. West[2] we made our most recent pronouncement of the role it plays in a given case when we reiterated:

" 'Where the res ipsa loquitur doctrine is applicable, it means no more than that the party claiming damages has produced proof of a fact, or a series of related facts, which warrant the inference of negligence, not that they compel such an inference.' "

The doctrine of *res ipsa loquitur*, when applicable, does no more than establish a *prima facie* case based on an inference by virtue of which the plaintiff is enabled to escape the possibility of having the court direct a verdict against him. But the mere fact that the inference exists in contemplation of law as a mechanical device to

---

1. He did pass around transfer slips to a few passengers for them to write their names on the back. A few were returned and among them one by appellant on which she had written, "Finger bruised and back jar or strain," and signed her name. But this notation was not noticed until the witness had returned to the car barn. The slip was introduced as Defendant's Exhibit No. 3.

2. Safeway Stores v. West, 1950, 86 U.S. App.D.C. 99, 180 F.2d 25, 26.

take the case to the jury does not compel its acceptance by the triers of fact. They are at liberty to decide for themselves whether the preponderance is with the plaintiff even where there is no evidence to countervail the inference.[3] The situation is much stronger in the instant case. There is ample evidence of record from which a jury would have been entitled to find nonliability on the part of the defendant. There is no error here.

■ Appellant's second attack is aimed at the ruling of the court below excluding from the jury's consideration evidence pertaining to a painful back condition and other classic symptoms which indicated a ruptured intervertebral disc on the ground that "there is no substantial evidence justifying the jury in finding that there is a casual connection between these subsequent conditions and the accident." Appellant's points in this connection are two: (1) The court erred in its ruling because all issues of fact must be submitted to the jury for decision; (2) The court in its instructions to the jury in this regard so prejudiced them against the plaintiff that she was deprived of a fair trial.

Assuming for the purposes of this opinion that the lower court erred in withdrawing certain evidence pertaining to appellant's injuries from the jury's consideration, it would still be impossible for that to be prejudicial error in view of the fact that the evidence relating to these injuries had nothing to do with the defendant's liability, (an issue on which the jury found for the defendant), unless indeed the court did so prejudice the jury in his instructions to them in this regard that he in effect left

them no alternative but to find for the defendant. A careful examination of his statements however fails to reveal anything that could be construed to be prejudicial.

He said:

"I have ruled as a matter of law that the plaintiff is not entitled to recover in respect to any of the other matters that occurred subsequent to July 8, 1945, and concerning which testimony has been given. My ruling is based on the fact that there is no substantial evidence which would tend to show that these consequences that are claimed to have occurred after July 8, 1945, or any of them, were the result of the accident involved in this case.

"The plaintiff's own physician testified that all of these consequences were due to either a congenital condition, that is, a condition which the plaintiff has had since birth, or a condition that arose early in childhood, and that developed more seriously in middle life.

"Consequently, you will exclude from consideration anything that happened after July 8, 1945, and limit the amount of damages to such as accrued between May 28, 1945 and July 8, 1945. * * *"

It would be hard for us to frame an instruction of greater equanimity and impartiality, in the light of what the record showed, and we are unable to find the prejudice which appellant ascribes to it. Certainly it can hardly be said, as appellant claims, that it left the jury no alternative but to find for the defendant.

There being no error in the proceedings below the judgment is accordingly affirmed.

Affirmed.

---

3. Sweeney v. Erving, 1913, 228 U.S. 233, 33 S.Ct. 416, 57 L.Ed. 815; Capital Transit Co. v. Jackson, 1945, 80 U.S. App.D.C. 162, 149 F.2d 839, 161 A.L.R. 1110, certiorari denied 326 U.S. 762, 66 S.Ct. 143, 90 L.Ed. 459.