ERSLER v. T. F. SCHNEIDER CORP. et al.

No. 10769.

United States Court of Appeals
District of Columbia Circuit.

Argued March 9, 1951.

Decided April 26, 1951.

Warren E. Miller, Washington, D. C., for appellant.

Denver H. Graham, Washington, D. C., with whom Albert E. Brault, Washington, D. C., was on the brief, for appellee T. F. Schneider Corp.

Albert Brick, Washington, D. C., submitted on the brief for appellee James Patrick Liner.

Before CLARK, PROCTOR, and BAZELON, Circuit Judges.

PROCTOR, Circuit Judge.

This is an appeal from a judgment for defendants entered upon the verdict of a jury in an action by Edward S. Ersler against James Patrick Liner and T. F. Schneider Corporation for compensatory and punitive damages allegedly resulting from an assault by Liner as an employee of said corporation. Liner pleaded no assault and self-defense. The corporation pleaded that the alleged assault was not authorized and was not within the scope of Liner's employment.

Plaintiff contends that the verdict was contrary to the evidence and the law. Specifically he argues that undisputed evidence established an assault by Liner. However, at no stage of the trial did he request an instruction, or move for a verdict in his favor on the issue of liability. He acquiesced without objection in submission of that question for the jury's determination as to both defendants. If he wished to assert that there was no case to go to the jury on the basic issue of assault, he was bound to make an appropriate motion. He could not invite a verdict and then complain that it was not what he expected; at least his right to complain ended with the trial. Hartford Life & Annuity Ins. Co. v. Unsell, 1892, 144 U.S. 439, 12 S.Ct. 671, 36 L.Ed. 496; Itzkall v. Carlson, 2 Cir., 1945, 151 F.2d 647; Flint v. Youngstown Sheet & Tube Co., 2 Cir., 1944, 143 F.2d 923.

As for the law, it was covered in the court's charge to the jury in substantial accord with instructions requested in behalf of plaintiff. In any event, there was no objection to any part of the charge. Under those circumstances, we do not now feel

justified in reviewing it. Fed.R.Civ.P. 51, 28 U.S.C.A.; Palmer v. Hoffman, 1943, 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645; Frasca v. Howell, 1950, 87 U.S.App.D.C. 52, 182 F.2d 703.

 Other questions concern rulings as to admission and rejection of evidence relating principally to compensatory damages, and the refusal of the court to submit to the jury the element of punitive damage. We have considered these questions and think they present no prejudicial error. Fed.R.Civ.P. 61. As the basic issue of liability was resolved by the jury in favor of the defendants, questions concerning damage pass out of the case. Cf. Underwood v. Capital Transit Co., 1950, 87 U.S. App.D.C. 68, 183 F.2d 822.

Affirmed.