### MONTGOMERY v. VIRGINIA STAGE LINES, Inc.

#### No. 10254.

United States Court of Appeals
District of Columbia Circuit.

Argued May 1, 1951.

Decided June 28, 1951.

See also 87 U.S.App.D.C. 327, 184 F.2d 1000.

Messrs. T. Bruce Fuller, Washington, D. C., and Robert H. McNeill, Washington, D. C., for appellant.

Mr. Joseph S. McCarthy, Washington, D. C., with whom Mr. Wilbert McInerney, Washington, D. C., was on the brief, for appellee.

Before WILBUR K. MILLER, PROCTOR and FAHY, Circuit Judges.

FAHY, Circuit Judge.

Appellant was a passenger in a bus of the appellee, a common carrier. She sued in the District Court to recover for injuries alleged to have been caused by her suitcase falling upon her from the rack above her. The evidence at the trial discloses that she had boarded the bus in Washington and that the accident occurred at a point in Virginia some 170 miles beyond. There is a dispute as to whether she or the operator of the vehicle, defendant's employee, placed the suitcase in the rack. There is also a divergence in the testimony as to how far the bag overhung the outer bar of the rack. On the other hand, both parties substantially agree that the operator told the appellant, when she came aboard, that the suitcase was too large for the rack and should be put in a special baggage compartment under the floor of the vehicle. It appears that she demurred, saying she wanted to keep it in sight. The case was submitted to the jury, who found for the defendant.

I. The substantive point on appeal goes to the adequacy of the instructions to the jury. The plaintiff presented in written form the following requests for instructions, among others:

"If the jury believes from the evidence that the defendant was a common carrier of passengers, and that plaintiff was, on the occasion in question, a passenger on the defendant's bus, and that defendant's agent, the driver of the bus, had notice that the large, heavy suit case was on the rack over head of plaintiff in a position which could become dangerous, and that said driver failed to remove said baggage or to secure it properly on said rack and the fall of the baggage was such that in the ordinary course of travel would not have happened had the driver seen to it that the baggage was placed so that it would not fall in the ordinary course of travel, defendant is liable to the plaintiff from the injury resulting from the improper stowage and fall of the baggage on plaintiff's head."

"If you should find from the evidence that when the conductor of the bus on which plaintiff was riding observed her suitcase on the rack of the bus projecting over the outer edge of the rack, and that his failure to make it safe by either removing it or fastening it to the rack, and that his failure to do either of said things was the proximate cause of plaintiff's injury resulting from the suitcase falling from the rack and struck her on the neck and head, the plaintiff would be entitled to recover * * *."

The first of these "prayers" bears a notation of the trial judge that it was denied. On the other he noted, "Granted in substance, denied as framed." The substance of neither, however, appears to us to have

been actually given to the jury. This we think was error.

The Interstate Commerce Commission Motor Carrier Regulations provide that a carrier and its employees engaged in transportation shall comply (49 C.F.R. § 193.1) with the following: "*Loading of buses.* All baggage, freight, or express carried in any bus shall be so loaded as not to interfere with the free and ready entering or leaving such · bus, and shall be so stowed as to prevent falling onto or against any passenger." (49 C.F.R. § 193.9(d))

The regulations were not called to the attention of the court. But the requested instructions themselves contain the. substance of the regulations. That the particular regulation stating the duty was not invoked or introduced in evidence did not relieve the court of the obligation to instruct, on request, as to the duty which·existed. Lilly v. Grand Trunk R. Co., 1943, 317 U.S. 481, 488–489, 63 S.Ct. 347, 87 L. Ed. 411. General· instructions on negligence and proximate cause became insufficient in the face of requests that·the court be more specific on an important phase of defendant's obligation to passengers for the safe stowage of baggage, since the alleged injuries resulted from the fall of baggage.

■ "* .* * It has long been the rule that, as against a mere general or abstract charge, a party is entitled to a specific instruction on his theory of the case, if there is evidence to support it and if a proper request for such an instruction is made. * * *" Chicago & N. W. Ry. Co. v. Green, 8 Cir., 1947, 164 F.2d 55, 61; see, also, Cobb v. Capital Transit Co., 1945, 79 U.S. App.D.C. 364, 148 F.2d 217; Feldmann v. Connecticut Mut. Life Ins. Co., 8 Cir., 1944, 142 F.2d 628, 631. Though the requests were not entirely correct as instruc-

tions on the case as .a whole, the gist of them was sufficiently important and clear to require their substance to be given.

■■ "While a party may not complain of the refusal of a requested instruction which does not correctly state the law, the court being under no obligation to reframe a request so as to contain an accurate statement of law, yet where, as here, the meaning of a request is reasonably apparent, and its subject-matter is important and not sufficiently covered by the general charge, a court would not be justified in ignoring the request merely because susceptible of such an interpretation as to make its proposition not absolutely accurate.

* * *" Rothe v. Pennsylvania Co., 6 Cir., 1912, 195 F. 21, 25; to like effect are E. I. Du Pont De Nemours & Co. v. Frechette, 8 Cir., 1947, 161 F.2d 318, 323; Pfotzer v. Aqua Systems, 2 Cir., 1947, 162 F.2d 779, 783; and Chicago & N. W. Ry. Co. v. Green, supra. Compare Capital Traction Co. v. Copland, 1917, 47 App.D.C. 152, 162. Though it be assumed plaintiff was herself negligent in placing the bag in the rack, nevertheless she was entitled upon request to a charge that if this occurred with knowledge of the driver and he had ample opportunity thereafter to correct the situation but failed to do so (compare Williams v. New Jersey-New York Transit Co., 2 Cir., 1940, 113 F.2d 649; Merritt v. Interstate Transit Lines, 8 Cir., 1948, 171 F.2d 605), they might find there was negligence on the part of the defendant and that, if this negligence was the proximate cause of the accident, she should recover if injury resulted.

II. Appellee urges, however, that appellant failed to reserve the point for review as required by Rule 51 of the Fed.R. Civ.P., set forth in the margin.[1] The cir-

---

1. "At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, but the court shall instruct the jury after the arguments are completed. No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the·grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury." Rule 51, Fed.R.Civ.P. 28 U. S.C.A.

cumstances pertinent to this contention are as follows:

A few moments prior to argument to the jury counsel for plaintiff stated, "If Your Honor please, I have some special prayers which I would like to present." The court responded, "Submit your instructions in writing and I will pass upon them." There ensued a brief discussion about the time likely to be consumed in argument. Then, as the transcript indicates, the arguments were made, followed by a short recess, whereupon the court instructed the jury. It does not appear when the requested instructions were submitted or acted upon, except that they bear the notations to which we have referred, dated the last day of the trial. If they were submitted after the charge was made, or if they had been previously submitted and were pending and unacted upon when the charge was completed, objection to their denial should be deemed to have been made after the charge, reading Rule 51 with Rule 46.[2] That these Rules should be considered together is held in Wright v. Farm Journal, 2 Cir., 1947, 158 F.2d 976, where a request for a "further instruction" is considered equivalent to an objection for purposes of Rule 51. To like effect is Williams v. Powers, 6 Cir., 1943, 135 F.2d 153, 156, where it is said: "Rule 51 should be read in conjunction with Rule 46. The purpose of these rules is to inform the trial judge of possible errors, that he may have an opportunity to consider his rulings and if necessary to correct them, and where it appears in the record that the point urged on appeal was called to the attention of the trial court in such manner as to clearly advise it as to the question of law involved, that is sufficient. * * *"[3]

It is true that in Frasca v. Howell, 1950, 87 U.S.App.D.C. 52, 182 F.2d 703, 704, this court held that it is not required to consider error where "No objection was made at any time to denial of the proposed instructions," but the court nevertheless considered and found no error in the charge. Furthermore, the effect of Rule 46 was not taken into account. In Ersler v. Schneider Corporation, 1951, 88 U.S. App.D.C. 371, 188 F.2d 1022, we pointed out the absence of objection to any part of the charge, saying, "Under those circumstances, we do not now feel justified in reviewing it," citing the Frasca case and Palmer v. Hoffman, 1943, 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645, as well as Rule 51. Here again, however, the charge was reviewed and held adequate, and it appears that no requests had been submitted. In the Palmer case the Supreme Court applied the federal rule of practice that a general exception which does not bring into focus the precise nature of the alleged error does not entitle one to a new trial. The court said this rule could not be avoided by a requested charge which, in the circumstances there present, was not sufficiently discriminating; that is, as we read the opinion, did not adequately guide the court, though correct in part.[4] Finally, in Villaroman v. United States, 1950, 87 U.S.App.D.C. 240, 184 F.2d 261, Rule 30

---

**2.** "Formal exceptions to rulings or orders of the court are unnecessary; but for all purposes for which an exception has heretofore been necessary it is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take or his objection to the action of the court and his grounds therefor; and, if a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection does not thereafter prejudice him." Rule 46, Fed.R.Civ.P.

**3.** In the ambiguous state of the record as to when the requests were submitted or acted upon we will not assume that the court, as required by Rule 51, advised counsel of his action prior to arguments to the jury; that is, prior to giving his charge. Compare, however, Dallas Ry. & Terminal Co. v. Sullivan, 5 Cir., 1940, 108 F.2d 581.

**4.** In Pistorio v. Washington R. & E. Co., 1917, 46 App.D.C. 479, 484, it was indicated that while an exception to the refusal to grant a prayer is inadequate to support an assignment when the court gives the substance of the prayer, it is sufficient to support an assignment for total failure to cover the point in the charge.

of the Federal Rules of Criminal Procedure,[5] comparable to Civil Rule 51, was involved. The trial court had denied defendant's requested instruction, supported by evidence, that an established reputation for good character might alone create a reasonable doubt. At the time of denial, objection was made. However, defendant made no further objection to the actual charge, which omitted the instruction requested. We said, "in fairness to the court, the parties, and the administration of justice itself, there should be compliance with the rule. It was not followed in this case. Therefore, we must hold the assignment of error invalid." 87 U.S.App. D.C. at page 241, 184 F.2d at pages 262–3. In reversing on other grounds we pointed out that the requested instruction should have been allowed and the jury instructed accordingly. The writer of this opinion is of the view that the appellant in the Villaroman case met the requirements of Rule 30 for obtaining review of the court's denial of the instruction requested, but in this respect the writer does not express the views of the majority.

▇ Even were we to assume that under the decisions above noted Rule 51 was not complied with in the case at bar, nevertheless we may in the exercise of our own powers consider the error involved in the inadequacy of the instructions. The requests set forth above and not granted dealt with a critical aspect of the case. In Shokuwan Shimabukuro v. Nagayama, 1944, 78 U.S.App.D.C. 271, 140 F.2d 13,

noting that the defendant could not raise objection to the instructions because of his failure to comply with Rule 51, this court said:

"The power of an appellate court on its own motion to consider grounds of error not raised below is not one which should be exercised in an ordinary case.

"But where it is apparent to the appellate court on the face of the record that a miscarriage of justice may occur because counsel has not properly protected his client by timely objection, error which has been waived below may be considered on review. * * *" 78 U.S.App.D.C. at page 273, 140 F.2d at page 15.

We referred to the principle to this effect stated in our Rule 17(i).[6] This rule apart, and we do not now construe it as applicable to the present situation, the power set forth in the Shimabukuro case exists, though, as there held, it is sparingly to be exercised. While the error here may not be as serious as it was there, yet the duty of the carrier in relation to the suitcase is a central one to this case. As an alternative basis for our review of the error of the court in failing to instruct as to this duty, we rely upon our discretion to consider the matter even if appellant could not require us to do so. Harlem Taxicab Ass'n v. Nemesh, 89 U.S.App.D.C. —, 191 F.2d 459.

Reversed.

PROCTOR, Circuit Judge, concurs in the result.

---

5. "At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. At the same time copies of such requests shall be furnished to adverse parties. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, but the court shall instruct the jury after the arguments are completed. No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury." Rule 30, Fed.R.Crim.P. 18 U.S.C.A.

6. "Points Not Presented. Points not presented according to the rules of the court, will be disregarded, though the court, at its option, may notice and pass upon a plain error not pointed out or relied upon." Rule 17 (i), General Rules.