## DE FRIES v. DAVID.

### No. 1492.

Municipal Court of Appeals for the
District of Columbia.

Argued May 24, 1954.

Decided June 9, 1954.

Philip B. Brown, Washington, D. C., with whom Malcolm S. Langford, Washington, D. C., was on the brief, for appellant.

Alexander Boskoff, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

The question is whether a client was entitled to the return of part of a retainer fee paid to his lawyer.

DeFries, an employee of the Federal Government, received an interrogatory from the Civil Service Commission concerning his loyalty to the United States. He sought the advice of David, an attorney. After some discussion as to the fees to be charged, the parties signed this agreement:

"The receipt is acknowledged of your check for $500.00 as a retainer, engaging me to represent you in connection with your loyalty proceeding now pending before the Fourth United States Civil Service Region.

"We have agreed that my fee shall be at the rate of $40.00 an hour against which hourly rate the retainer paid is to be applied. In addition, you have agreed to pay any out-of-pocket expenses which might be involved."

Thereafter David spent 2¾ hours helping the client prepare his answer to the interrogatory. This answer proved sufficient to establish DeFries' loyalty, and the proceeding ended without a formal hearing and without any further legal work

by David. Thereupon DeFries asked for a refund of the balance of the $500 remaining after deducting $40 for each hour he had spent on the case. David refused and DeFries brought this suit. A jury returned a verdict for the attorney, David.

On appeal DeFries contends that the trial judge should have awarded him a directed verdict. It is by no means clear from the record whether he made a timely motion for an instructed verdict; nor is it clear that his (verbal) motion for judgment n. o. v. complied with the governing procedural rules. Nevertheless, we have considered his contention on the merits. He argues that according to the written agreement David was entitled to a fee of only $40 per hour, that use of the word retainer in the agreement did not have the effect of making the sum paid non-returnable, and that even if there was some ambiguity in the instrument is must be resolved against appellee who wrote it.

■ We think the trial court properly refused to take the case from the jury and rule for plaintiff as a matter of law. The written agreement does not purport to say what shall become of the retainer fee in the event the fee computed on an hourly basis proves to be less than $500. The agreement does no more than acknowledge receipt of $500 and provide that it is to be applied against the hourly fee of $40. It does not require that any portion of the fee be returned to the client; nor does it specify that the fee shall be completely non-returnable. Consequently, there was a question for the jury as to what agreement the parties had reached on that subject. This is true regardless of the meaning to be given the word "retainer," and the use of that term in the agreement had no bearing upon whether the question should have gone to the jury. Plaintiff testified in part "that it was his understanding from the general conversation" that the $500 was to be a deposit against the hourly fee and that he would be entitled to a return of that part of the $500 which was not earned by the attorney at the hourly rate, but he admitted that he "could not honestly state" that defendant had specifically said that any part of the $500 would be returned. Defendant was more specific on the point: he testified that the $500 retainer "represented a minimum, non-returnable fee" against which the hourly fee rate would be applied. On the basis of this testimony it would have been clearly erroneous to take the factual issue from the jury.

Next appellant contends that the judge erred (1) in refusing to instruct the jury as to the reasonable value of appellee's services, (2) in modifying the meaning of a sentence read to the jury from Knight v. Sontag,[1] and (3) in defining the word "retainer" to the jury.

■ Rule 23(b) of this court makes it unnecessary for us to consider these errors. That rule provides: "If error is claimed in the court's charge to the jury, the entire charge or its substance shall be included in the statement." That rule was not complied with. Not only is "the entire charge or its substance" absent from the record; all that is presented to us is a most meager five-line reference to what the judge said about the meaning of "retainer," and in all, a sketchy ten-line outline of the charge as a whole. It would be wholly unsatisfactory, as well as unfair to appellee and to the trial judge, to attempt an evaluation of what the judge said on the subject, without knowing all that was said.

■ It has repeatedly been held that an instruction not objected to below will not be considered on appeal.[2] Here the record reveals no request by appellant for an instruction on the word "retainer," and no

1. D.C.Mun.App., 99 A.2d 217.

2. Ersler v. T. F. Schneider Corp., 88 U. S.App.D.C. 371, 188 F.2d 1022; Asha v. Goldsten, 78 U.S.App.D.C. 349, 140 F.2d 702; Baltimore & O. R. R. v. Corbin, 73 App.D.C. 124, 118 F.2d 9; Webster v. Perper, D.C.Mun.App., 83 A.2d 433; Bowles v. Marsh, D.C.Mun.App., 82 A.2d 135; Bollt v. Morgenstein, D.C.Mun.App., 81 A.2d 656.

objection at all to the instruction after it was given.

For the same reasons we need not consider the other errors assigned. Although invited to do so by the judge, appellant filed no written requests for instructions. He asked the judge to read to the jury a sentence from the Knight case, and in a discussion with the judge before the jury was instructed, opposed the judge's decision not to instruct on reasonable value. The record reveals no further word of suggestion or criticism by appellant, and as we have said, it contains a completely insufficient sketch of the whole charge to the jury.

But even if we were to consider the errors assigned despite these objections,[3] the record would not persuade us that appellant was prejudiced. Assuming that the meaning of the sentence from the Knight case was somewhat shaded, we could not say that the alteration was serious or prejudicially affected the verdict. The language was taken from a case distinguishable on the facts and was favorable to appellant's position, even as modified by the judge. The refusal of the judge to instruct the jury upon reasonable value was based upon the absence of evidence on the point. Although appellant says there was such evidence, the record does not reveal it. Even so, he says, the instruction should have been given. Assuming this to be true, it appears that the judge did leave the jury free to award appellee only the agreed hourly rate for the time he spent on the case. It also appears that appellant agreed that the hourly rate was reasonable.

Affirmed.

3. See Richmond, F. & P. R. Co. v. Brooks, 91 U.S.App.D.C. 24, 197 F.2d 404, certiorari denied, 344 U.S. 828, 73 S.Ct. 31, 97 L.Ed. 644; Montgomery v. Virginia Stage Lines, 89 U.S.App.D.C. 213, 191 F.2d 770; Shokuwan Shimabukuro v. Higeyoshi Nagayama, 78 U.S.App.D.C. 271, 140 F.2d 13, certiorari denied, 322 U.S. 755, 64 S.Ct. 1270, 88 L.Ed. 1584.