**Louise V. TRUEWORTHY, Appellant,**

v.

**GELMAN CONSTRUCTION COMPANY, Incorporated, et al.**

**No. 24205.**

United States Court of Appeals, District of Columbia Circuit.

Argued Oct. 26, 1971.

Decided Dec. 21, 1971.

Petition for Rehearing Denied Jan. 20, 1972.

**1378**

Mr. Jo V. Morgan, Jr., Washington, D. C., for appellant.

Mr. Edward C. Donahue, Rockville, Md., for appellee Gelman Construction Company.

Mr. Frank F. Roberson, Washington, D. C., for appellee Spencer, White & Prentis, Inc.

Mr. Frank J. Martell, Washington, D. C., for appellee Anthony Izzo Company.

Before WILBUR K. MILLER, Senior Circuit Judge, and TAMM and ROBB, Circuit Judges.

TAMM, Circuit Judge:

Plaintiff-appellant, Louise V. Trueworthy, sued defendants-appellees, Gelman Construction Co., Inc. (hereinafter "Gelman"), Anthony Izzo Co., Inc. (hereinafter "Izzo") and Spencer, White and Prentis, Inc. (hereinafter "Spencer") for negligence and trespass to her real estate and person. At the conclusion of the trial the jury rendered a verdict for defendant Izzo against plaintiff and a verdict for the plaintiff against Gelman and Spencer in the amount of $275. Upon denial of a timely motion for new trial, this appeal was noted.

Plaintiff-appellant was the owner of property at 1411 N Street, N.W., when Gelman as general contractor, Izzo as masonry sub-contractor, and Spencer as excavating sub-contractor were engaged in constructing a high-rise apartment on land which abutted appellant's property. Appellant alleged that Izzo hung its scaffolds over the common boundary and over appellant's property thereby causing bricks and debris to fall upon the roof of her home. Appellant further charged that appellee Spencer, at Gelman's direction, dug a hole on appellant's property into which she fell injuring herself. There was sufficient conflicting testimony to raise a question as to whether appellant was contributorily negligent in falling into the hole. The trial judge therefore charged the jury that appellant could not recover if she was guilty of contributory negligence with respect to either the negligence or the trespass claim.

Appellant raises two contentions in this appeal. First, she urges that it was error for the trial judge to exclude her opinion testimony of the value of her

real property immediately prior to and after the alleged trespass. Second, she contends that the trial judge committed error in instructing the jury that contributory negligence is a defense to an action for trespass. Finding no prejudicial error, we affirm. Fed.R.Civ.P. 61.

■ The first contention raised has no application to appellees Gelman or Spencer. The trial judge correctly instructed the jury as follows:

Mrs. Trueworthy charges that brick and other debris landed upon her roof causing damage to the roof by way of a trespass. Keep in mind that neither the Spencer Company or the Gelman Company are involved in this aspect of the case; this concerns Izzo alone. (Tr. 174.)

As to appellee Izzo we merely note the general rule that an owner's opinion as to the value of his real property is admissible,[1] without a foray into the parameters and permutations of that rule since such an effort is unnecessary. In the case at bar the jury absolved Izzo of *liability* therefore even if the judge committed error in excluding the testimony, such error does not warrant a retrial since it only goes to the question of *damages*. In ruling on a similar contention in Underwood v. Capital Transit Co., 87 U.S.App.D.C. 68, 70, 183 F.2d 822, 824 (1950), cert. denied, 340 U.S.

931, 71 S.Ct. 493, 95 L.Ed. 672 (1951), this court stated:

Assuming for the purposes of this opinion that the lower court erred in withdrawing certain evidence pertaining to appellant's injuries from the jury's consideration, it would still be impossible for that to be prejudicial error in view of the fact that the evidence relating to these injuries had nothing to do with the defendant's liability, (an issue on which the jury found for the defendant), unless indeed the court did so prejudice the jury in his instructions to them in this regard that he in effect left them no alternative but to find for the defendant. A careful examination of his statements however fails to reveal anything that could be construed to be prejudicial.

■ The second contention only has application to appellees Gelman and Spencer. Assuming it was error to instruct the jury that contributory negligence is a defense to an action in trespass,[2] it was not prejudicial since the jury found for plaintiff-appellant in any event. The contributory negligence instruction went to the question of *liability*. Since the jury resolved the question of *liability* in favor of appellant, the error, if any, was harmless. *Cf.* Ersler v. T. F. Schneider Corp., 88 U.S. App.D.C. 371, 188 F.2d 1022 (1951).

Affirmed.

---

1. Bateman v. Donovan, 131 F.2d 759 (9th Cir. 1942). *See generally* J. Wigmore, Evidence § 714 at 50 (Chadbourn rev. 1970).

2. Most jurisdictions hold that contributory negligence is not a defense to the inten-

tional tort of trespass. Barrow v. Georgia Lightweight Aggregate Co., 103 Ga. App. 704, 120 S.E.2d 636 (1961); St. Petersburg Coca-Cola Bottling Co. v. Cuccinello, 44 So.2d 670 (Fla.Sup.Ct.1950). *See generally* W. Prosser, Law of Torts § 65 at 426 (4th ed. 1971).