**AETNA CASUALTY AND SURETY COMPANY and Raymond F. Griner,
Appellants,**

v.

**Granville X. WALKER and John J.
Johnson, Jr., Appellees.**

**No. 8937.**

District of Columbia Court of Appeals.

Argued Dec. 12, 1974.

Decided Aug. 26, 1975.

James M. Heffler, Washington, D. C., for appellants.

Octave Bigoness, Washington, D. C., for appellee Walker.

Clifford R. Bridgford, Washington, D. C., for appellee Johnson.

Before REILLY, Chief Judge, and FICKLING and KERN, Associate Judges.

PER CURIAM:

Appellants Griner and his insurer and subrogee, Aetna Casualty and Surety Company, filed a Statement of Claim in the Small Claims Branch of the Civil Division of the Superior Court for recovery of some $667 damages to his auto resulting from a collision which they alleged was caused by appellees' negligence.[1] The trial court entered a "judgment of acquittal"[2] at the conclusion of Griner's testimony because he "had failed to present any evidence of negligence on the part of either defendant".

Griner testified, according to the Statement of Proceedings and Evidence filed by the trial court after this court granted appellants' application for allowance of appeal, that: he was proceeding on Route 295 on a rainy night; a police car passed him and then "slid off of the road some distance ahead" and collided with some obstacles; he pulled his car "approximately 14 feet off the road, onto a flat grassy area" and got out of his car and walked toward the police vehicle; and, he heard a screeching of brakes and turned to see (a) appellee Johnson's car strike appellee Walker's car "then proceeding directly in front of it", (b) appellee Walker's car strike a car stopped on Route 295 (and owned by one Reiss, not a party to this action) and, (c) appellee Walker's car leave the roadway out of control and strike his parked vehicle. The issue presented is whether the trial court's conclusion upon this evidence[3] that appellants had failed to present "any evidence of negligence on the part of either [appellee]" is clearly erroneous.

 In this jurisdiction when the owner of a vehicle is able to present evidence *only* that his car was not out of its proper place and was struck by another ve-

---

1. Appellees Johnson and Walker defended against the claim and filed cross-claims against each other.

2. No doubt the trial court intended to dismiss for failure to make out a prima facie case under Super.Ct.Civ.R. 41(b) which in a nonjury case, takes the place of a motion for a directed verdict.

3. The court at one point in the trial proceedings remarked that appellants had failed to show ownership and operation of the other vehicles by appellees but evidently rested its final ruling on the failure by appellants to make out a prima facie case of negligence.

hicle, the trier of fact may infer negligence on the part of the operator of the "striking" vehicle. *Bonbrest v. Lewis,* D. C.Mun.App., 54 A.2d 751, 752 (1947); *Schwartzbach v. Thompson,* D.C.Mun.App., 33 A.2d 624, 626 (1943); *Haw v. Liberty Mutual Ins. Co.,* 86 U.S.App.D.C. 86, 91, 180 F.2d 18, 23 (1950).[4] This proposition seems reasonable enough since a moving vehicle is unlikely to crash into a properly parked vehicle unless the operator of the former car is negligent. However, here Griner's evidence showed *not only* that his car was parked far enough off the highway so as to be in its "proper place" and that appellee Walker's vehicle struck his car but *also* that Walker's car had itself first been struck from the rear by Johnson's car and had then crashed into Reiss' car, stopped *on* a through highway, before finally caroming off that car into Griner's parked car. Under these particular circumstances we are unable to say that refusal by the trial court, sitting as the trier of fact, to infer negligence on the part of appellee Walker was plainly wrong.[5]

■ Appellants' proof as to appellee Johnson differs somewhat from their evidence against appellee Walker. Specifically, they showed that both appellees' cars were travelling in the same direction, Johnson following Walker, and the "following" car struck the "lead" car, setting into motion the chain of collisions culminating in damage to Griner's car. Although we have recognized that under ordinary circumstances negligence on the part of the "following" car might be inferable, *cf., Evans v. Byers,* D.C.App., 331 A. 2d 138 (1975), here again appellants in their case presented evidence of out-of-the-ordinary circumstances that were particularly relevant to appellee Johnson's culpability: that the road conditions were unusually slippery, Reiss' car was stopped directly in front of them on Route 295, and either one or both suddenly stopped. This additional evidence, presented by appellants in their case in chief, could have reasonably negated in the mind of the trier of fact an inference of negligence on the part of appellee Johnson.

Accordingly, without additional evidence adduced by appellants in their direct case,[6] the court as the trier of fact did not err in finding no negligence on the part of appellee Johnson.

*Affirmed.*

FICKLING, Associate Judge (dissenting):

In my opinion the trial judge erred when he dismissed plaintiffs' case at the conclusion of plaintiff Griner's testimony since Griner had satisfied his burden of establishing a prima facie case.

The controlling cases cited by the majority (*Bonbrest v. Lewis,* D.C.Mun.App., 54 A.2d 751 (1947); *Schwartzbach v. Thompson,* D.C.Mun.App., 33 A.2d 624 (1943); *Haw v. Liberty Mutual Insurance Co.,* 86 U.S.App.D.C. 86, 180 F.2d 18 (1950)) hold

---

4. We recently cited with approval these cases. *See Andrews v. Forness,* D.C.App., 272 A.2d 672, 673 n. 4 (1971).

5. We note that this court has recognized that, even in circumstances where the doctrine of res ipsa loquitur is applicable, the trier of fact is not compelled to accept the inference of negligence or in a non-jury case to wait until the introduction of *all* the evidence before deciding for defendant. *Powers v. Coates,* D.C.App., 203 A.2d 425, 428 (1964); *Mar-*

*tin v. United States,* 96 U.S.App.D.C. 294, 297, 225 F.2d 945, 948 (1955); *Underwood v. Capital Transit Co.,* 87 U.S.App.D.C. 68, 183 F.2d 822 (1950) *cert. denied,* 340 U.S. 931, 71 S.Ct. 493, 95 L.Ed. 672 (1951), 1 Wright and Miller, Federal Practice and Procedure, § 237.

6. Super.Ct.Sm.Cl.R. 10 provides for pretrial discovery upon proper application and showing, and appellants were proceeding with counsel.

that the owner of a parked vehicle which is not out of its proper place, makes out a prima facie case against the operator of a striking vehicle merely by testifying as to the collision. Here the plaintiff, the owner of the parked vehicle, established his prima facie case through his testimony that several vehicles were involved in a collision, one of which struck his parked vehicle. Thus the defendants had the duty to proceed with their case or rest. The trial court, however, did not enforce this duty, but instead held as a fact that plaintff had not established any negligence at the close of his case. This was error since the only question before the trial judge was a question of law under the above cited cases. A trial judge in a nonjury case does not become a fact finder until the defense rests its case.

The majority, at footnote 5, attempts to support its affirmance of the trial court's actions by comparing the present case with the doctrine of res ipsa loquitur when it states: "[E]ven in circumstances where the doctrine of res ipsa loquitur is applicable, the trier of fact is not compelled . . . to wait until the introduction of *all* the evidence before deciding for defendant" (emphasis in original). This interpretation of the doctrine is simply wrong, and the cases cited as authority for the statement do not support it. Moreover, in *Martin v. United States,* 96 U.S.App.D.C. 294, 298, 225 F.2d 945, 949 (1955), the court stated:

> The doctrine of *res ipsa loquitur,* when applicable, does no more than establish a *prima facie* case based on an inference by virtue of which the plaintiff is enabled to escape the possibility of having the court direct a verdict against him. . . . [*quoting Underwood v. Capital Transit Co.,* 87 U.S.App.D.C. 68, 69–70, 183 F.2d 822, 823 (1950) (emphasis in original).]