**RADIO CAB, Inc., et al. v. HOUSER.**
No. 8012.

United States Court of Appeals for the
District of Columbia.

Argued May 5, 1942.

Decided June 1, 1942.

Mrs. Irene Kennedy and Mr. Edgar Turlington, with whom Messrs. William Roberts and Harold A. Kertz were on the brief, all of Washington, D. C., for appellants. Mr. Milton S. Musser, of Washington, D. C., also entered an appearance for appellants.

Mr. William R. Lichtenberg, with whom Mr. Samuel Barker was on the brief, both of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and MILLER and RUTLEDGE, Associate Justices.

GRONER, C. J.

Appellee, whom we shall call plaintiff, recovered a verdict and judgment against appellants, whom we shall call defendants, for personal injuries sustained October 18, 1938, on a filling station lot in the City of Washington. Both plaintiff and the individual defendant were regular patrons of the station and were in the habit of purchasing gas there two or three times a day. On the evening in question, plaintiff went to the station for the purpose of repairing his automobile, intending to do the necessary work himself. To this end, he asked and obtained the permission of the attendant in charge to use the automobile lift located on the grounds. With the assistance of the attendant, the car was placed on the lift and elevated high enough for a person to walk under it. Plaintiff and the attendant, when not otherwise engaged, worked together under the car in removing the muffler. During all of this time various other automobiles came to the station, obtained gas, and drove out without injury to plaintiff. The accident occurred at a time when plaintiff was on his knees on the ground at the side of the car at work on the muffler. Defendant had brought his cab into the station and had purchased gas. On his way out he negligently—as the jury found—drove from the filling pump to the place where plaintiff was at work, striking plaintiff's head with the bumper and running over his leg. The place was well lighted, and in addition, defendant's headlights bore directly on the place at which plaintiff was at work. At the close of the case, there was a motion for a directed verdict, on the ground that the evidence failed to show actionable negligence "since the only duty owed by defendant, an invitee, to plaintiff, a mere licensee, was to refrain from wilful and wanton injury". This was denied.

First. Other errors are alleged, but the one principally relied upon is that stated above. In the view we take of the case, it is not necessary to decide whether plaintiff, at the time of the injury, was an invitee or a licensee, or whether there is a difference in the duty owed to either by an occupier of premises such as we have here. Nor, for the purposes of this case, need we consider whether defendant, whom we shall assume was a business invitee, is subject only to the liability of the occupier, had the injury been inflicted by him. Even if he is, the occupier's freedom from liability to licensees exists only when his negligence is passive or, as is sometimes said, is the negligence of omission. If he is shown to be guilty of active negligence, as it is generally called, as the result of which an injury occurs to a licensee, he is liable for the damages sustained. His freedom from liability arises where the injuries are caused by reason of the unsafe condition of the premises, as to which the licensee takes the risk. Where, on the contrary, the injury results from negligent acts of the occupier or his servants, the immunity disappears and the liability of the occupier is the same to a licensee as to an invitee.

Gallagher v. Humphrey, [1862] 6 L.T., N.S., 684, an English case, cited in Sec. 95 of Harper on Torts, is typical. There a boy, passing over the defendant's premises with defendant's permission was hurt when defendant's servants negligently allowed a sack of sugar to fall on him. In holding the defendant liable, Cockburn, C. J., observed: "I quite agree that a person who merely gives permission to pass and repass along his close is not bound to do more than allow the enjoyment of such permissive right under the circumstances in which the way exists; that he is not bound, for instance, if the way passes along the side of a dangerous ditch or

along the edge of a precipice, to fence off the ditch or precipice. The grantee must use the permission as the thing exists. It is a different question, however, where negligence on the part of the person granting the permission is superadded. It cannot be that, having granted permission to use the way subject to existing dangers, he is to be allowed to do any further act to endanger the safety of the person using the way. The plaintiff took the permission to use the way subject to a certain amount of risk and danger, but the case assumes a different aspect when the negligence of the defendant * * * is added to that risk and danger." In short, as was said by the Massachusetts Court in Stevens v. Nichols, 155 Mass. 472, 29 N.E. 1150, 1151, 15 L.R.A. 459, "the licensor has, however, no right to create a new danger while the license continues." A fortiori, an invitee of the licensor has no such right. This rule, adopted in the Restatement of Torts (Sec. 311), is sustained in the following cases: Felton v. Aubrey, 6 Cir., 74 F. 350; Herold v. P. H. Mathews Paint House, 39 Cal.App. 489, 179 P. 414; Brigman v. Fiske-Carter Construction Co., 192 N.C. 791, 136 S.E. 125, 49 A.L.R. 773; Pomponio v. New York N. H. & Hartford R. 66 Conn. 528, 34 A. 491, 32 L.R.A. 530, 50 Am.St.Rep. 124; Terre Haute, Traction Co. v. Sanders, 80 Ind.App. 16, 136 N.E. 54; Sage's Adm'r v. Creech Coal Co., 194 Ky. 415, 240 S.W. 42; Barrett v. Brooklyn Heights Ry., 188 App.Div. 109, 176 N.Y.S. 590, affirmed 231 N.Y. 605, 132 N.E. 906; Union News Co. v. Freeborn, 111 Ohio St. 105, 144 N.E. 595; Brinilson v. Chicago & N. W. Ry., 144 Wis. 614, 129 N.W. 664, 32 L.R.A.,N.S., 359.

Therefore, we are of opinion that the trial court was correct in refusing to direct a verdict for the defendants on this ground, and in refusing to instruct the jury that defendant was responsible only for wilful or wanton injury. The jury were told that defendant, in the operation of the automobile in leaving the gas station, was required to use ordinary care to prevent injury to plaintiff while on the ground in the repair of the muffler. Ordinary care was defined as the degree of care which a prudent person would exercise under the same or similar circumstances. We are satisfied that this instruction correctly stated the law.

Second. It is assigned as error that the trial court permitted counsel for plaintiff to ask the defendant on cross-examination whether in 1937 he had been in the habit of going to the filling station to drink liquor with the attendants there, and whether he had drunk any beer or whiskey at about the time of the accident. It is first said that this evidence is remote. The question as to the invitee's drinking habits over a 12-months period should not have been asked, but it would be going too far to say that it constituted reversible error, especially when it was coupled with an inquiry as to drinking at the time of the injury.

The other ground of objection to these questions is that no reference to drinking had been made on direct examination, and that the introduction of that subject on cross-examination "introduced a new field of discussion which was improper". The objection is wholly without merit. While, as a general rule, a party has no right to cross-examine a witness as to facts and circumstances disconnected with the matters stated in his direct examination, the rule does not, and should not, exclude cross-examination on matters directly relevant to the subject matter of the witness' testimony. Here the witness under examination was one of the defendants and the person whose negligence it was claimed occasioned the injury. Whether he had been drinking at the time was a material and relevant issue in the case, particularly in view of his testimony describing the accident in detail and attributing it to plaintiff's negligence in placing himself in a position practically under the car and out of sight of the driver. We know of no rule that would exclude a question on cross-examination as to a fact material to the issue and directly relating to other facts about which the witness had testified because the particular fact had not previously been adverted to by the witness. And if the fact is denied by the witness, it may thereafter be proved in contradiction just as any other material fact may be proved. Wigmore on Evidence, 3rd Ed., § 1020.

Appellant further objects to evidence, subsequently admitted at the instance of plaintiff, that the driver of the cab had a bottle of whiskey on his person and was seen to take a drink later in the evening of the accident. Undoubtedly evidence as to the use of intoxicants by the driver at a different time than that of the accident is ordinarily not admissible. But here the witness had testified in chief that he had

been "tending bar" just prior to the accident. He was asked if he had not drunk liquor during that time or at the time of the accident, and he replied that he had not. Under these circumstances, we think the admission of evidence of the possession and use of liquor shortly after the accident was well within the discretion of the trial judge.

The points relating to the defense of contributory negligence and to the refusal of the court to set aside the verdict and grant a new trial on the ground of an excessive verdict and newly discovered evidence have been carefully examined. We think they have no merit.

Affirmed.