**GLEASON et al. v. ACADEMY OF THE HOLY CROSS.**

No. 9637.

United States Court of Appeals

District of Columbia.

Argued April 9, 1948.

Decided May 24, 1948.

Mr. Arthur J. Hilland, of Washington, D. C., with whom Mr. John K. Cunningham, of Washington, D. C., was on the brief, for appellants.

Mr. George A. Chadwick, Jr., of Washington, D. C., with whom Messrs. Frank H. Myers, Norman B. Frost and Frederic N. Towers, all of Washington, D. C., were on the brief, for appellee.

Before EDGERTON, PRETTYMAN and PROCTOR, Associate Justices.

EDGERTON, Associate Justice.

This is a suit by a husband and wife to recover damages for personal injuries to the wife. They appeal from an order under Rule 50(b), Federal Rules Civil Procedure [28 U.S.C.A. following section 723c] setting aside a verdict in their favor and entering judgment for the defendant.

In December 1945 appellants were house guests in appellee's school. Their daughter was a nun on duty there. With the permission of the Superior in charge, she had invited them to spend the Christmas holidays. Appellant Lillian Gleason was injured by falling off a step at the back of the balcony in the school chapel.

The balcony consisted of a series of broad steps or platforms. It was entered at the top, from a corridor, through a passageway that ended, at the back wall of the balcony, in the step from which appellant fell. She fell because she did not see the step. The Superior knew that "to one entering the balcony when the artificial lights were not turned on, there was an illusion." The second step down appeared to be the first. In other words the top step, from which appellant fell, was not readily visible. "Anyone might be apt to miss" it. The Superior's own sister had fallen as appellant did and for the same reason. There was evidence not only of the illusion itself but also of facts that tended to explain it. All the steps were "very deep." The front of the chapel was a good way from the back of the balcony, so that the angle of descent was small. Windows were so placed that the back of the balcony, including the step from which appellant fell, was much less well lighted than the front. This top step, instead of being at the front of the highest platform in the balcony, was even with the back wall. The passageway and the steps were painted a uniform dark color. The chairs had been removed from the balcony.

The room appellant and her husband occupied was directly across a corridor from a door into the passageway. Their daughter had twice conducted them through this door, and remained with them in the passageway, while mass was being celebrated in the chapel. When appellant fell, nuns were singing in the chapel and appellant had come alone to the same place, through the same door, in order to get nearer to the source of the singing. She

had neither been forbidden nor expressly invited to do so. No effort had been made to warn her of the illusion and the danger it created.

Under the court's instructions the jury, in order to return its verdict for the plaintiffs, must have found that the place of the accident was within the scope of appellant's invitation, that her injury was caused by appellee's negligence, and that appellant was free from contributory negligence. In our opinion the evidence supports these inferences and the verdict. We think it unimportant that appellant was a social rather than a business guest of appellee, or, in technical language, a gratuitous licensee rather than an invitee. Dangers that reasonably careful people are likely not to discover are latent or hidden. The step was such a danger. It is immaterial that the step was open to view in the sense that it might have been discovered by an extraordinarily prudent person. Appellee knew of the danger and made no effort to protect or warn appellant against it. Occupiers of premises have long been liable, even to gratuitous licensees, for injuries that result from this sort of negligence. "If it could be found that [the step] was a danger which the careful visitor might not discover, and that the proprietor should have realized the fact, the court could not rule as matter of law either that there was no breach of duty by the proprietor, or that there was contributory negligence or an assumption of the risk by the visitor." Recreation Centre Corporation v. Zimmerman, 172 Md. 309, 191 A. 233, 234.

Reversed