**Annie M. MARTIN, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 12424.**

United States Court of Appeals
District of Columbia Circuit.

Argued March 23, 1955.

Decided June 30, 1955.

Augustus N. Hand and Learned Hand,
Circuit Judges.

---

**3.** United States v. Remington, 2 Cir., 191
F.2d 246, 252; Swan, Chief Judge, and

Mr. Stanley B. Frosh, Washington, D. C., for appellant.

Mr. Samuel J. L'Hommedieu, Jr., Asst. U. S. Atty., with whom Messrs. Leo A. Rover, U. S. Atty., and Lewis Carroll and Robert L. Toomey, Asst. U. S. Attys., were on the brief, for appellee.

Before WILBUR K. MILLER, FAHY and DANAHER, Circuit Judges.

WILBUR K. MILLER, Circuit Judge.

In the afternoon of August 25, 1950, the appellant, Annie M. Martin, her twelve-year-old granddaughter and two other girls of that age were on the Washington Monument grounds. They were tossing a ball to one another and the appellant, in attempting to catch it, stepped backward onto a manhole cover. The cover tilted and her left leg plunged its full length into the manhole, the other leg remaining on the surface.

The appellant brought this suit in the United States District Court for the District of Columbia under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346(b), 2671 et seq., seeking damages from the United States for the injuries she sustained. After hearing proof, the trial judge made findings of fact and reached conclusions of law,[1] pursuant to which he dismissed the complaint. This appeal resulted.

First, the appellant says the district judge erred in concluding as a matter of law that the Government's only duty was to warn her of dangers known to it. She says the United States was under a duty to maintain the Monument grounds in a reasonably safe condition, and to warn or protect her not only

---

[1]. Which read as follows:
"*Findings of Fact*
"1. This is an action for damages for personal injuries brought under the Federal Tort Claims Act, 28 U.S.C.A. § 1346(b). 2. On August 25, 1950, plaintiff, Annie M. Martin, while on the Washington Monument Grounds in Washington, D. C., slipped partially into a manhole, the cover of which was loose. 3. The said Washington Monument Grounds are owned by the defendant, United States of America. 4. There is no evidence that the loose condition of the manhole cover was a longstanding condition. 5. Defendant had no notice, actual or constructive, of the loose condition of the manhole cover. 6. The manhole cover was bolted in place in 1945.
"*Conclusions of Law*
"1. Plaintiff was a licensee while on the Washington Monument Grounds. 2. The defendant owed plaintiff the duty of warning her only of dangers known to it. 3. The doctrine of *res ipsa loquitur* does not apply. 4. The defendant is entitled to judgment."

against known dangers but also against those which could have been discovered by the exercise of ordinary care. Thus the appellant's argument is that the occupier of land owes the same duty to a licensee by invitation—a gratuitous licensee who enters for his own benefit or pleasure—which he owes to a "mutual advantage" invitee.[2]

Unlike some jurisdictions, we have distinguished between a mutual advantage invitee and a gratuitous invitee in regard to the duty owed to them by the occupier of land. Radio Cab v. Houser, 1942, 76 U.S.App.D.C. 35, 128 F.2d 604; Gleason v. Academy of the Holy Cross, 1948, 83 U.S.App.D.C. 253, 168 F.2d 561; Arthur v. Standard Engineering Co., 1951, 89 U.S.App.D.C. 399, 193 F.2d 903, 32 A.L.R.2d 408; Firfer v. United States, 1953, 93 U.S.App.D.C. 216, 208 F.2d 524.

But, for the purposes of decision here, the distinction is unimportant. For, had the appellant been in the role of a favored mutual advantage invitee, she still could not recover unless it appeared from a preponderance of the evidence that her injury was caused by the Government's active negligence, or by an unsafe condition of which it had actual or constructive notice. F. W. Woolworth Co. v. Williams, 1930, 59 App.D.C. 347, 41 F.2d 970; Selby v. S. Kann Sons Co., 1934, 64 App.D.C. 36, 72 F.2d 853; Brodsky v. Safeway Stores, 1945, 80 U.S.App.D.C. 301, 152 F.2d 677; Doctors Hospital v. Badgley, 1946, 81 U.S. App.D.C. 171, 156 F.2d 569.

■ The appellant does not charge the United States with active negligence. There was no indication of actual notice to the appellee that the 'manhole cover, which had been bolted down in 1945, had become insecure. The district judge

found no proof that the cover had been loose long enough before the accident to charge the Government with constructive notice of its condition, and so found as a fact that it had no such notice. The findings of fact were supported by the evidence and are therefore not clearly erroneous and cannot be disturbed on appeal. From them, the trial judge correctly concluded there was no liability.

■ It is also argued that the court erred in holding res ipsa loquitur did not apply. Though there is serious doubt as to the existence of all the factual elements necessary to bring that doctrine into play,[3] we need not decide whether it actually did apply. For, if it did, the appellant would be in no better position.

■ Res ipsa simply means that there arises from the circumstances of the accident an inference of negligence, which is not a presumption but a mere mechanical device that requires the trier of fact —whether judge or jury—to consider the evidence to see whether its preponderance shows the defendant's negligence. The inference, even standing alone, may be rejected by the trier of fact.

■ These principles are supported by decisions of this court and the Supreme Court. We said in F. W. Woolworth Co. v. Williams, supra, 59 App. D.C. at page 348, 41 F.2d at page 971:

"The burden of proving defendant's negligence is upon the plaintiff. The mere happening of the accident does not shift to the defendant the burden of establishing that the accident did not occur through its negligence, nor does it create a presumption of negligence. On the contrary, the legal presumption is that reasonable care was exercised by the defendant. * * * *"

---

2. See Arthur v. Standard Engineering Co., 1951, 89 U.S.App.D.C. 399, 193 F.2d 903, 32 A.L.R.2d 408.

3. This court, in Washington Loan & Trust Co. v. Hickey, 1943, 78 U.S.App.D.C. 59, 61, 137 F.2d 677, 679, stated three elements which must concur before res ipsa

can apply, the third of which is that the cause of the accident must be "unlikely to do harm unless the person in control is negligent * * *." It might well have been that some unauthorized person removed the bolts which secured the lid of the manhole.

■ In Underwood v. Capital Transit Co., 1950, 87 U.S.App.D.C. 68, 69–70, 183 F.2d 822, 823, we said:

"The doctrine of *res ipsa loquitur,* when applicable, does no more than establish a *prima facie* case based on an inference by virtue of which the plaintiff is enabled to escape the possibility of having the court direct a verdict against him. But the mere fact that the inference exists in contemplation of law as a mechanical device to take the case to the jury does not compel its acceptance by the triers of fact. They are at liberty to decide for themselves whether the preponderance is with the plaintiff even where there is no evidence to countervail the inference. * * * "

■ The Supreme Court said in Sweeney v. Erving, 1913, 228 U.S. 233, 240, 33 S.Ct. 416, 418, 57 L.Ed. 815:

"In our opinion, *res ipsa loquitur* means that the facts of the occurrence warrant the inference of negligence, not that they compel such an inference; that they furnish circumstantial evidence of negligence where direct evidence of it may be lacking, but it is evidence to be weighed, not necessarily to be accepted as sufficient; that they call for explanation or rebuttal, not necessarily that they require it; that they make a case to be decided by the jury, not that they forestall the verdict. *Res ipsa loquitur,* where it applies, does not convert the defendant's general issue into an affirmative defense. When all the evidence is in, the question for the jury is, whether the preponderance is with the plaintiff."

■ The effect of the doctrine, when applied, was lucidly stated in Stewart v. Van Deventer Carpet Co., 138 N. C. 60, 50 S.E. 562, from which the Supreme Court quoted,[4] with apparent approval, the following:

" * * * 'The rule of *res ipsa loquitur* does not relieve the plaintiff of the burden of showing negligence, nor does it raise any presumption in his favor. Whether the defendant introduces evidence or not, the plaintiff in this case will not be entitled to a verdict unless he satisfies the jury by the preponderance of the evidence that his injuries were caused by a defect in the elevator, attributable to the defendant's negligence. The law attaches no special weight as proof to the fact of an accident, but simply holds it to be sufficient for the consideration of the jury, even in the absence of any additional evidence.' "

■ Accordingly, had the doctrine of *res ipsa loquitur* been held to apply in this case, the resultant inference of negligence—which as we have seen is not a presumption in a plaintiff's favor —would have simply served to require the trial judge to decide whether the preponderance of the evidence showed either actual or constructive notice to the Government that the lid was insecure. The judge would not have been compelled to accept the inference, as we said in the Underwood case, even in the absence of countervailing evidence.

The trial judge did exactly what the application of *res ipsa* would have required him to do: he considered the evidence as to whether the United States had actual or constructive notice of the cover's condition. He found it had neither. So, if he erred in holding the doctrine inapplicable, the error was immaterial.

Affirmed.

FAHY, Circuit Judge (dissenting).

I think the doctrine *res ipsa loquitur* applies. Since the trial judge held to the contrary the judgment in my opinion should be reversed and the case remanded for retrial.

4. In Sweeney v. Erving, supra, 228 U.S. at pages 241–242, 33 S.Ct. at page 419.