Russell B. SINGER, Appellant,

v.

Evelyn Lois DOYLE, Appellee.

No. 4102.

District of Columbia Court of Appeals.

Argued Nov. 13, 1967.

Decided Dec. 27, 1967.

Patrick J. Attridge, Washington, D. C., for appellant.

Harold A. Sakayan, Washington, D. C., for appellee.

Before HOOD, Chief Judge, MYERS, Associate Judge, and CAYTON, Chief Judge, Retired.

MYERS, Associate Judge.

Alleging appellant's negligence in the operation of his motor vehicle, appellee, in an action filed in the trial court, sought to recover from appellant damages sustained

in an intersectional collision. At trial both parties testified that the accident occurred mid-afternoon on a clear day, that traffic was light and there were no visual obstructions of the roadway. Appellee's testimony reflects that she had been traveling east on Upshur Street. Preparatory to making a left-hand turn on to New Hampshire Avenue and while she waited at a stop light, she looked in all directions for on-coming traffic. The only vehicle she observed was a light or cream-colored car approaching from the opposite direction, still a considerable distance away. When the light turned green, appellee proceeded into the intersection. After checking again for on-coming vehicles and determining that there was no interfering traffic, appellee began her turn. Before she had completed it, however, her automobile was struck on the right, front side by appellant's automobile. Throughout her testimony, appellee insisted that she never saw appellant's automobile prior to the impact. The cream-colored car was never identified as appellant's.

Appellant related that he had been traveling west on Upshur Street. At the intersection previous to the one where the accident occurred, he had stopped for a traffic light, from which point he could see the traffic signal at New Hampshire Avenue. He did not, however, observe appellee's car at that time and, according to his testimony, it was not until he was "a little past the light, in the [east] crosswalk" of the New Hampshire Avenue intersection and "almost on top" of appellee's vehicle that he saw her in front of him, turning left.

At the conclusion of all the evidence, appellant moved for a directed verdict on the ground that appellee's own testimony established that she was contributorily negligent as a matter of law. The court denied the motion and submitted the case to a jury with appropriate instructions, which returned a verdict for appellee for property damage and personal injuries. Appellant's motion for judgment *non obstante veredicto* or, in the alternative, for a new trial was rejected.[1]

Appellant does not challenge the finding of primary negligence on his part, but argues that appellee's failure to look effectively and see his approaching automobile as an immediate hazard[2] and to yield the right of way in compliance with the District of Columbia Traffic and Motor Regulations[3] constituted negligence on her part. He contends that as appellee was contributorily negligent, the jury verdict was contrary to law and the court should have granted either his motion for a directed verdict or for judgment *n. o. v.*

■ Ordinarily questions of negligence, contributory negligence and proximate cause, especially in automobile collision cases, are for determination by the

---

1. The practice of submitting cases to the jury and reserving determination of questions of law raised on motion for directed verdict has received strong commendation in this jurisdiction and elsewhere. Resnick v. Wolf & Cohen, D.C.Mun.App., 49 A.2d 809, 811 (1946). See also Shewmaker v. Capital Transit Co., 79 U.S. App.D.C. 102, 143 F.2d 142 (1944); Lancaster v. Canuel, D.C.App., 193 A.2d 555, 557 (1963).

2. An approaching vehicle is an "immediate hazard" when it is so close to the intersection that, should it continue with undiminished speed and should the unfavored vehicle start, the two would reach the point where their paths would converge at approximately the same time.

Brown v. Clancy, D.C.Mun.App., 43 A.2d 296, 298 (1945).

3. Sec. 47. Vehicle Turning Left at or Between Intersections.

(a) The driver of a vehicle within an intersection intending to turn to the left shall yield the right-of-way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard, but said driver having so yielded and having given a signal when and as required by these regulations, may make such left turn and the drivers of all other vehicles approaching the intersection from said opposite direction shall yield the right of way to the vehicle making the left turn.

**438**

jury. The onus of proving negligence on the part of defendant is upon the plaintiff, while the burden of proving the affirmative defense of contributory negligence of the plaintiff rests upon the defendant. In acting upon a motion for a directed verdict or a motion for judgment *n. o. v.*, the court must view the evidence in the light most favorable to the plaintiff and may take the case from the jury only if no reasonable man could reach a verdict in plaintiff's favor.[4] Only in exceptional cases, where the facts are undisputed and where but one reasonable inference can be drawn, is the trial court justified in holding that negligence or contributory negligence has been established as a matter of law. Carter v. Singleton, D.C.App., 219 A.2d 114, 115 (1966).

■ In our judgment, the present case falls within the exceptional class, where the general rule is not applicable. The only conclusion that may be drawn from appellee's own testimony is that before undertaking to make a left turn she failed either to look at all or to look observantly and see what should have been plainly visible. Had she been alert and attentive, she would have seen appellant's car in such proximity and coming at such speed as to be an immediate hazard. The law imposes a penalty for this lack of care and failure to yield the right of way in compliance with the traffic regulations—it declares appellee contributorily negligent and bars her right to recover, despite appellant's concurrent primary negligence. Phillips v. D. C. Transit System, Inc., D.C.App., 198 A.2d 740, 741 (1964); Mitchell v. Allied Cab Co., D.C. Mun.App., 133 A.2d 477, 479 (1957); Brown v. Clancy, D.C.Mun.App., 43 A.2d 296, 298 (1945).

We hold that the trial judge should have granted appellant's motion for a directed verdict at the conclusion of the evidence

or, later, his motion for judgment *n. o. v.*, the point having been saved "subject to a later determination of the legal questions raised by the motion." Prudential Ins. Co. of America v. McKeever, D.C.Mun.App., 89 A.2d 229, 231 (1952); GS Rule 50(b).

Reversed with instructions to set aside the verdict and judgment and to enter judgment for appellant.

---

4. Wilson v. Brame, D.C.App., 228 A.2d 326, 327 (1967); Sims v. East Washington Ry. Co., D.C.App., 222 A.2d 641, 642 (1966); Courtney v. Giant Food, Inc., D.C.App., 221 A.2d 92, 93 (1966); Hardy v. Hardy, D.C.App., 197 A.2d 923, 925 (1964).