Ella **LATHON**, Appellant,

v.

**HADLEY MEMORIAL HOSPITAL,**
Appellee.

No. 4380.

District of Columbia Court of Appeals.

Argued Nov. 19, 1968.

Decided Feb. 28, 1969.

———◆———

James H. Myrick, Washington, D. C., for appellant.

John Jude O'Donnell, Washington, D. C., with whom J. Roy Thompson, Jr., Washington, D. C., was on the brief, for appellee.

Before HOOD, Chief Judge, and MYERS and FICKLING, Associate Judges.

HOOD, Chief Judge.

Appellant, at the request of her physician, was admitted to appellee hospital to undergo an operation on her breast. The operation was performed by appellant's physician but the general anesthetic was administered by an anesthetist employed by the hospital. When appellant awoke after the operation there was a burning sensation around her nose and mouth. Later this area blistered and peeled, leaving what appellant claimed was a permanent scar. She sued the hospital for damages, alleging that the cause of the burn was unknown to her but that it would not have occurred except for some negligence of the hospital. Trial was had without a jury and at its conclusion the trial court found for the hospital.

At trial appellant testified to the facts above outlined, and also testified that she had had other operations without sustaining similar burns. She called no expert witness. At the completion of her testimony the hospital moved for a "directed verdict." The motion was denied and the hospital called as its only witness the anesthetist who testified as to her procedure in preparing for and administering the anesthetic. She offered no explanation for the burns, but said she had read in medical literature that a person may have an

allergic reaction to the nonconductive rubber used in the face mask although she had never observed such a reaction in her career. She also testified that a person may have an allergy on one occasion and not have it on another; that the mask she used was the same type used in other hospitals in this locality; and that she participated in other operations on the same day of appellant's operation and there were no other reactions.

At the conclusion of the testimony the hospital's "motion for a directed verdict was renewed."[1] The trial court made a finding for the hospital, ruling that appellant had not sustained her burden of proof.

Appellant argues here that the court was in error if it failed to apply the doctrine of res ipsa loquitur, and if it did apply that doctrine then it was in error in ruling that appellant failed to carry the burden of proof.

In this jurisdiction the doctrine of res ipsa loquitur has a very limited application in malpractice actions. It does not apply "unless a layman can say as a matter of common knowledge that the consequences of the professional treatment are not those which ordinarily occur if due care has been exercised." Brown v. Keaveny, 117 U.S.App.D.C. 117, 118, 326 F. 2d 660, 661 (1963).[2] We need not decide whether appellant's evidence called for application of the doctrine because, in fact, she received all the benefits of that doctrine. The trial court did not find against appellant after hearing only her evidence. The finding was made after hearing the evidence of both parties. The doctrine of res ipsa loquitur permits but does not compel the trier of the facts to infer negli-

gence. It does not shift the burden of proof. Martin v. United States, 96 U.S. App.D.C. 294, 295, 225 F.2d 945 (1955). Here the trial court heard the evidence of both parties, weighed that evidence, and found that appellant had not sustained her burden of proof. We find no error.

Affirmed.

---

1. Long ago we pointed out that a motion for a directed verdict is entirely inappropriate in a nonjury action. Taylor v. United Broadcasting Co., D.C.Mun.App., 61 A.2d 480 (1948); Zis v. Herman, D.C. Mun.App., 39 A.2d 65 (1944). The motion at the close of appellant's testimony should have been one for a finding by the court in favor of the hospital. The mo-

tion at the close of the entire case was simply final argument that on the law and the entire evidence the hospital was entitled to a favorable finding.

2. Cf. Terhune v. Margaret Hague Maternity Hospital, 63 N.J.Super. 106, 164 A.2d 75 (1960).