**Esther TRUST and Matthew Trust, Appellants,**

v.

**WASHINGTON SHERATON CORPORA-TION, d/b/a the Sheraton Park Hotel, a body corporate, Appellee.**

No. 4462.

District of Columbia Court of Appeals.

Argued Jan. 21, 1969.

Decided April 3, 1969.

Jack H. Olender, Washington, D. C., for appellants.

John J. O'Neill, Jr., Washington, D. C., with whom Francis X. Quinn and Robert E. Anderson, Washington, D. C., were on the brief, for appellee.

Before HOOD, Chief Judge, and FICK-LING and KERN, Associate Judges.

FICKLING, Associate Judge:

Mr. and Mrs. Trust (appellants) sued Washington Sheraton Corporation (appellee) for personal injuries sustained by Mrs. Trust in a fall at appellee's hotel. The jury returned a verdict for Mrs. Trust in the amount of $2,000 and for Mr. Trust in the amount of $1,000. Judgment not withstanding the verdict was entered for the appellee on the grounds that there was no negligence on its part and that there was negligence on the part of Mrs. Trust.

As established at trial, Mr. and Mrs. Trust, along with their daughter, checked in as guests at the hotel on the evening of August 13, 1962, and were shown to their room at about 6:30 p. m. It was their first visit to the hotel.

The room consisted of a bedroom area, a vestibule or hall, and a bathroom, the floor of which was elevated a number of inches from the floor of the rest of the hotel room. The entrance to the bathroom was from the vestibule or hallway. The room lights illuminated the room but not the vestibule. The bathroom, which had two 40-watt bulbs blackened with age, was

**22**

"very dim." There was "no light at all" in the vestibule outside the bathroom.

Shortly after entering the hotel room, both the daughter and Mr. Trust entered and left the bathroom without mishap. Mrs. Trust entered the bathroom and remained there approximately five minutes. When ready to leave the bathroom, she looked out and saw the carpeted floor of the vestibule but could not see that there was a step-down from the bathroom to the vestibule. Consequently, she did not allow for the step and fell and injured herself. There were no signs calling attention to the step-down.

Appellants contend that the hotel was negligent in that it maintained a dangerously deceptive step-off flush with the doorway of the bathroom which created an illusion of one floor level.

■ We are of the view that reasonable minds may differ as to whether there was a dangerous condition created by appellee. Thus it is an issue which must be resolved by the trier of facts.[1] Here, the jury could properly have found from the evidence that the step-down created an illusion of one floor level as a result of the surrounding circumstances such as the lighting conditions and the general appearance of the area, thereby creating a dangerous condition.[2]

■ Appellee points out that no expert testimony was introduced by appellants as to the dangerousness of this condition. However, expert testimony is not required in negligence actions of this nature where the jurors were as competent and qualified as an expert to judge the condition of this step in light of the surrounding circumstances.[3]

■ Appellee also claims that Mrs. Trust knew the step-down was present because she stepped up to go into the bathroom without any difficulty and was there only about five minutes when she left the bathroom and fell. However, Mrs. Trust cannot be held to have been contributorily negligent as a matter of law merely because she had previously traversed the step without incident or had noted the existence of the step upon entering the bathroom.[4] Knowledge alone of a condition is insufficient to charge appellant with contributory negligence as a matter of law.[5]

Therefore, we hold that the court erred in granting judgment for appellee notwithstanding the verdict.

Reversed with instructions to reinstate the jury verdicts.

1. See Klein v. District of Columbia, D.C. Cir., 409 F.2d 164 (1969); Gleason v. Academy of the Holy Cross, 83 U.S.App. D.C. 253, 254, 168 F.2d 561, 562 (1948); Aiken v. Allman, D.C.Mun.App., 61 A.2d 926 (1948).

2. See, e. g., Heit v. Sha-Wan-Ga Lodge, Inc., 288 F.2d 65 (2d Cir. 1961); Gleason v. Academy of the Holy Cross, supra n. 1.

3. Cf. Gerber v. Columbia Palace Corp., D.C.Mun.App., 183 A.2d 398 (1962).

4. Nielsen v. Barclay Corp., 103 U.S.App. D.C. 136, 255 F.2d 545 (1958); Kitsap County Transp. Co. v. Harvey, 15 F.2d 166, 48 A.L.R. 1420 (9th Cir. 1926). See also Heit v. Sha-Wan-Ga Lodge, Inc., supra n. 2.

5. Mosheuvel v. District of Columbia, 191 U.S. 247, 24 S.Ct. 57, 48 L.Ed. 170 (1903); Kane v. Northern Cent. Ry., 128 U.S. 91, 9 S.Ct. 16, 32 L.Ed. 339 (1888); Altemus v. Talmadge, 61 App. D.C. 148, 58 F.2d 874 (1932), cert. denied, 287 U.S. 614, 53 S.Ct. 16, 77 L.Ed. 533 (1932).