Karlissa B. KROMBEIN, Plaintiff,

v.

GALI SERVICE INDUSTRIES, INC., et al., Defendants.

No. CIV.A.02–1810(RMU).

United States District Court, District of Columbia.

May 6, 2004.

David B. Sanford, Jr., Mason Neck, VA, pro se.

Karlissa B. Krombein, Mason Neck, VA, pro se.

Michael Patrick Broderick, Donovan & Broderick, PC, Silver Spring, MD, Sanford A. Friedman, Sanford Friedman, LLC, Washington, DC, for Defendants.

Mary G. Weidner, Law Office of Nancy L. Harrison, Annapolis, MD, for Cross Claimant.

## MEMORANDUM OPINION

GRANTING DEFENDANT GALI'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT REIT'S MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE

URBINA, District Judge.

## I. INTRODUCTION

When the plaintiff stepped off the elevator at work one morning, two paths diverged before her, one to the right and one to the left. She took the one to the left, and that made all the difference. While proceeding along that path, she slipped on the freshly-cleaned floor, sustaining injuries. The plaintiff subsequently filed this tort case against defendant Reit Management & Research, LLC ("defendant Reit"), the company that managed her employer's office building, and defendant Gali Service Industries, Inc. ("defendant Gali"), the company whose employees had applied the cleaning agent to the floor (collectively, "the defendants"). The matter now comes

before the court on the defendants' respective motions for summary judgment. Defendant Gali argues, *inter alia*, that its contributory-negligence affirmative defense bars the plaintiff from recovery. Similarly, defendant Reit seeks judgment as a matter of law on its assumption-of-risk affirmative defense. Because there is no genuine issue of material fact concerning the plaintiff's contributory negligence, the court grants defendant Gali's motion. In contrast, the court denies without prejudice defendant Reit's motion given the existence of genuine issues of material fact regarding the plaintiff's alleged assumption of risk.

## II. BACKGROUND

### A. Factual Background

On the morning of September 13, 1999, the plaintiff, employed as an attorney for the United States Army Corps of Engineers, arrived for work in the District of Columbia. Compl. ¶ 7. At that time, defendant Reit managed the office building and had contracted defendant Gali to perform the building's janitorial and cleaning services. *Id.* ¶¶ 3–4.

After riding the elevator up to the eighth floor with another passenger, the plaintiff exited the elevator and entered a vestibule from which a hallway to her right and a hallway to her left led to her office. Pl.'s Dep. Tr. ("Pl.'s Dep.") at 29, 45–46; Def. Gali's Statement of Undisputed Material Facts ("Def. Gali's Statement") ¶¶ 6, 11; Def. Reit's Mot. at 8. The hallway to the right snaked around the building for 200 feet before reaching her office, a distance greater than that between the elevator and her office along the path to her left. Pl.'s Dep. at 45; Def. Gali's Statement ¶ 11; Def. Reit's Mot. at 8.

As her elevator companion proceeded down the hallway to the right, the plaintiff turned left. Pl.'s Dep. at 29. She observed "one or two ... yellow wet floor signs" along the path in front of her. *Id.* at 29–30; Def. Gali's Statement ¶ 8; Def. Reit's Statement of Undisputed Material Facts ("Def. Reit's Statement") ¶ 4. As she walked forward, the shininess of the floor made her realize that the floor was wet. Pl.'s Dep. at 30, 36; Def. Gali's Statement ¶ 8; Def. Reit's Statement ¶ 6. Standing in the vestibule were three individuals wearing clothing that identified them as cleaning personnel. Pl.'s Dep. at 30, 36–37. The plaintiff saw in their possession a mop and pail, with one of them moving the mop across the floor. *Id.* at 37, 39.

Nothing indicated to the plaintiff that the path to the right was in a slippery condition. *Id.* at 46–47. Also, her schedule that morning was fairly flexible and she had no reason to reach her office in a hurry. *Id.* at 44; Def. Gali's Statement ¶ 12. Nonetheless, she walked "about ten or twelve" steps from the elevator toward the wet floor. Pl.'s Dep. at 40; Def. Gali's Statement ¶ 14. After taking three or four steps on the wet surface, she slipped and fell. Pl.'s Dep. at 40; Def. Reit's Statement ¶ 8. Following her spill, she got up "as fast as [she] possibly could" and walked to her office, where she sat at her desk and "shook for a while." Pl.'s Dep. at 47–48.

Several hours later, the plaintiff's husband transported her to a nearby hospital. Compl. ¶ 11. At first, medical personnel treated the plaintiff for "extreme back pain," but an orthopedic surgeon later informed her that she "had likely sustained a cracked sacrum and neurological disruption of the lumbar area of her lower back." *Id.* ¶¶ 11–12. Nearly four years after the accident, the plaintiff retired from her job with the Army Corp of Engineers. Pl.'s Show–Cause Resp. ¶ 2.

### B. Procedural History

On September 12, 2002, the plaintiff and her husband initiated this suit, asserting a

negligence claim against defendant Gali and a negligent-supervision claim against defendant Reit. The complaint bases the court's jurisdiction on diversity of citizenship pursuant to 28 U.S.C. § 1332.[1] Compl. ¶ 1. Specifically, the complaint alleges that defendant Gali negligently applied an excessive amount of soap and wax to the floor and performed its cleaning services "in contravention of its contractual and practical agreements with defendant Reit." *Id.* ¶¶ 14, 16. The complaint further avers that defendant Reit negligently supervised defendant Gali's janitorial work. *Id.* ¶¶ 17, 19. The plaintiff seeks $2 million in damages allegedly resulting from her sustained injuries. *Id.* ¶ 22.

On October 8, 2002, defendant Gali filed its answer, listing, *inter alia*, contributory negligence and assumption of risk as affirmative defenses. Def. Gali's Answer at 1–2. Ten days later, defendant Reit submitted its own answer, raising the same affirmative defenses and a cross-claim against defendant Gali for indemnity or contribution. Def. Reit's Answer at 4; Def. Reit's Cross-cl. ¶ 3. On October 28, 2002, defendant Gali responded to the cross-claim by denying liability to defendant Reit and declaring that, between the two of them, defendant Reit was "the active, moving and efficient cause of any injuries claimed by the plaintiff." Def. Gali's Answer to Cross-cl. at 1–2.

On May 8, 2003, the defendants deposed the plaintiff. Pl.'s Dep. at 1. Around the same time, the plaintiff served her answers to the defendants' interrogatories. Pl.'s Opp'n Ex.3. At the initial scheduling conference on March 4, 2004, the parties informed the court that, even though they had not completed discovery, they were ready to proceed to summary judgment on the contributory-negligence and assumption-of-risk affirmative defenses. The parties believed that a ruling on these affirmative defenses could result in a final resolution of the matter, thus saving them from unnecessarily expending time and expense through further litigation. The court granted the parties' request and set a briefing schedule for the defendants to file their summary-judgment motions. Initial Scheduling Order at 1. Shortly thereafter, the parties stipulated to a dismissal with prejudice of the plaintiff's husband from the case on the ground that he was not married to the plaintiff at the time of the accident. Joint Stipulation at 1.

On March 12, 2004, defendant Gali filed its motion for summary judgment on the affirmative defenses of contributory negligence and assumption of risk. Def. Gali's Mot. at 8–13. That same day, defendant Reit filed its own motion for summary judgment, asserting that the plaintiff assumed the risk of her injuries. Def. Reit's Mot. at 9–13. The court now addresses the defendants' motions.

## III. ANALYSIS

### A. Legal Standard for Summary Judgment

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

---

1. After the court requested assurance of complete diversity of citizenship between the parties, the parties unequivocally represented that the court possesses subject-matter jurisdiction over the case. *See* Pl.'s Jurisdictional Notice (confirming the plaintiff's Virginia residency and defendant Gali's Maryland incorporation); Def. Reit's Jurisdictional Resp. (declaring that "[t]here are two members of the [Reit] LLC … and neither … resides in Virginia").

FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Diamond v. Atwood,* 43 F.3d 1538, 1540 (D.C.Cir.1995). To determine which facts are "material," a court must look to the substantive law on which each claim rests. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A "genuine issue" is one whose resolution could establish an element of a claim or defense and, therefore, affect the outcome of the action. *Celotex,* 477 U.S. at 322, 106 S.Ct. 2548; *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505.

In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true. *Anderson,* 477 U.S. at 255, 106 S.Ct. 2505. A nonmoving party, however, must establish more than "the mere existence of a scintilla of evidence" in support of its position. *Id.* at 252, 106 S.Ct. 2505. To prevail on a motion for summary judgment, the moving party must show that the nonmoving party "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322, 106 S.Ct. 2548. By pointing to the absence of evidence proffered by the nonmoving party, a moving party may succeed on summary judgment. *Id.*

In addition, the nonmoving party may not rely solely on allegations or conclusory statements. *Greene v. Dalton,* 164 F.3d 671, 675 (D.C.Cir.1999); *Harding v. Gray,* 9 F.3d 150, 154 (D.C.Cir.1993). Rather, the nonmoving party must present specific facts that would enable a reasonable jury to find in its favor. *Greene,* 164 F.3d at 675. If the evidence "is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson,*

477 U.S. at 249–50, 106 S.Ct. 2505 (internal citations omitted).

## B. The Court Grants Defendant Gali's Motion for Summary Judgment

 The court turns first to defendant Gali's motion for summary judgment, which raises the affirmative defenses of contributory negligence and assumption of the risk. Def. Gali's Mot. at 8–13. In applying the substantive tort law of the District of Columbia, as it must in this diversity case, *Smith v. Wash. Sheraton Corp.,* 135 F.3d 779, 782 (D.C.Cir.1998) (citing *Joy v. Bell Helicopter Textron, Inc.,* 999 F.2d 549, 553 (D.C.Cir.1993)), the court recognizes that there is a complete bar to recovery if defendant Gali prevails on the question of contributory negligence. *Andrews v. Wilkins,* 934 F.2d 1267, 1272 (D.C.Cir.1991) (citing *Wingfield v. Peoples Drug Store,* 379 A.2d 685, 687 (D.C.1977)). Contributory negligence is the failure "to act with the prudence of an ordinary reasonable person under the circumstances." *Queen v. Wash. Metro. Area Transit Auth.,* 842 F.2d 476, 479 (D.C.Cir.1988) (citing *Stager v. Schneider,* 494 A.2d 1307, 1311 (D.C.1985)). In addition, whether a plaintiff is contributorily negligent is usually a question for the jury. *Paraskevaides v. Four Seasons Wash.,* 292 F.3d 886, 893 (D.C.Cir.2002). As the D.C. Circuit has recognized,

> [o]nly in exceptional cases will questions of negligence [and] contributory negligence . . . pass from the realm of fact to one of law. Unless the evidence is so clear and undisputed that fair-minded men can draw only one conclusion, the questions are factual and not legal.

*Id.* (citations and quotations omitted). This is the rare and exceptional case, with evidence so clear and unambiguous that the court must find contributory negligence as a matter of law.

 As the party bearing the burden of proving contributory negligence, *Coleman*

v. *Parkline Corp.*, 844 F.2d 863, 867 (D.C.Cir.1988) (citing *Stewart v. Ford Motor Co.*, 553 F.2d 130, 136 n. 6 (D.C.Cir. 1977)), defendant Gali must demonstrate that there is no genuine issue of material fact on the elements of its affirmative defense. *Celotex*, 477 U.S. at 322, 106 S.Ct. 2548; *Diamond*, 43 F.3d at 1540. Defendant Gali shoulders its burden by articulating specific facts with undisputed evidence demonstrating that the plaintiff "departed from the standard of care that is to be expected of a reasonable person" when she walked on the wet surface. Def. Gali's Mot. at 11. First, the plaintiff knew about the slippery condition of the floor, based on her visual observation of the floor itself and one or two cautionary wet-floor signs. *Id.*; Pl.'s Dep. at 29–31, 36; Def. Gali's Statement ¶ 8; Def. Gali's Reply at 1–2. Second, the plaintiff understood that a wet floor poses the peril of slipping and falling to the ground. Pl.'s Dep. at 46; Def. Gali's Statement ¶ 15; Def.'s Reply at 1–2. Finally, the plaintiff admitted that she could have avoided the wet floor by taking the available alternate route to her office. Pl.'s Dep. at 44–47; Def. Gali's Statement at ¶ 11; Def. Gali's Mot. at 13; Def. Gali's Reply at 2. These specific facts definitively establish that the plaintiff acted with less than ordinary care in choosing the wet path to her office.

To survive defendant Gali's summary-judgment motion, the plaintiff must set forth specific facts crystallizing a genuine issue for trial. *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1041 (D.C.Cir. 2003) (citation omitted); *Greene*, 164 F.3d at 675. The plaintiff, however, fails to spell out any facts that could lead a reasonable jury to decide in her favor on the contributory-negligence defense. *Id.*; *see also 3883 Conn. LLC v. District of Columbia*, 336 F.3d 1068, 1071 (D.C.Cir.2003) (explaining that an issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party") (citing *Morgan v. Fed. Home Loan Mortgage Corp.*, 328 F.3d 647, 650 (D.C.Cir.2003)). Instead, the plaintiff tersely asserts that a jury should determine whether she was contributorily negligent. Pl.'s Opp'n at 6–7. The plaintiff also informs the court that wet-floor signs do not equate to "no entry." *Id.* at 6. These self-serving conclusory declarations, however, do not amount to specific facts that would lead a reasonable jury to find in her favor. *Kingman Park*, 348 F.3d at 1041; *Greene*, 164 F.3d at 675.

By comparison, the plaintiffs in *Paraskevaides* brought forth specific facts to rebut the defendant's summary-judgment motion. *Paraskevaides*, 292 F.3d at 893–94. In that case, the plaintiffs sued a hotel for gross negligence after an unknown perpetrator, using a missing master key, stole $1.2 million worth of jewelry from their hotel room. *Id.* at 887–89. On appeal, the D.C. Circuit held that the plaintiffs—by storing jewelry inside their room's safe rather than in a hotel safety-deposit box located near the lobby—were not contributorily negligent as a matter of law. *Id.* at 893–95. To support its conclusion, the D.C. Circuit relied on two of the plaintiffs' specific facts, which created a genuine issue. *Id.* at 893–94. First, the plaintiffs did not know that the hotel had lost a master key to the rooms. *Id.* at 894. Second, the plaintiffs believed the room safe to be more secure than any of the safety-deposit boxes due to its remote location. *Id.* at 893–94.

In the case *sub judice*, defendant Gali's evidence amply illustrates that the plaintiff walked where the ordinary reasonable person would fear to tread. Unlike the plaintiffs in *Paraskevaides*, the plaintiff fails to bring to light any specific facts that create a genuine disputed issue between the parties. *See generally* Pl.'s Opp'n. The plaintiff merely offers her opinion that wet floor

signs do not equate to "no entry" and that a jury should determine whether she was contributorily negligent. *Id.* at 6–7. Because defendant Gali has convincingly discharged its burden of persuasion and the plaintiff has not illuminated a genuine issue for trial, the court determines that defendant Gali is entitled to judgment as a matter of law on the issue of contributory negligence. FED. R. CIV. P. 56(c); *Celotex,* 477 U.S. at 322, 106 S.Ct. 2548; *Diamond,* 43 F.3d at 1540; *Coleman,* 844 F.2d at 867; *Stewart,* 553 F.2d at 136. Accordingly, the court grants defendant Gali's motion for summary judgment.[2] *Id.*

### C. The Court Denies Defendant Reit's Motion for Summary Judgment Without Prejudice

The court now shifts its gaze to defendant Reit's summary-judgment motion, which attempts to use the defense of assumption of risk as its silver bullet.[3] Def. Reit's Mot. at 9–13. In the District of Columbia, the affirmative defense of assumption of risk presents a complete bar to a plaintiff's recovery. *White v. United States,* 780 F.2d 97, 107 n. 36 (D.C.Cir. 1986) (citing *Morrison v. MacNamara,* 407 A.2d 555, 566 (D.C.1979)). The analysis is "heavily fact-based," and the court should grant summary judgment "only if no real

dispute exists as to the plaintiff's awareness of the relevant danger." *Maalouf v. Swiss Confederation,* 208 F.Supp.2d 31, 42 (D.D.C.2002) (Huvelle, J.) (citing *Sinai v. Polinger Co.,* 498 A.2d 520, 524 (D.C. 1985)); *see also White,* 780 F.2d at 108 (emphasizing that the defendant must establish that the plaintiff had actual knowledge of the danger to prevail on assumption of risk). While it may look like the doctrines of assumption of risk and contributory negligence overlap, a clear distinction exists between the two.[4] *Stager,* 494 A.2d at 1311. As opposed to the objective standard employed under contributory negligence, *Id.; Queen,* 842 F.2d at 479, assumption of risk applies where the plaintiff "*subjectively* knows of the existence of the risk and appreciates its unreasonable character." *Jarrett v. Woodward Bros., Inc.,* 751 A.2d 972, 986 (D.C.2000) (quoting *Sinai,* 498 A.2d at 524) (emphasis added); *see also Weil v. Seltzer,* 873 F.2d 1453, 1458 (D.C.Cir.1989) (contrasting the objective inquiry under contributory negligence with the subjective inquiry under assumption of risk). The plaintiff's voluntary decision to proceed in the face of that known risk "relieve[s] the defendant of any duty which he otherwise owed the plaintiff." *Sinai,* 498 A.2d at 524.

2. Having concluded that defendant Gali prevails on its theory of contributory negligence, the court has no reason to make further inquiries concerning defendant Gali's assumption-of-risk theory.

3. Defendant Reit states that its motion incorporates defendant Gali's summary-judgment motion. Def. Reit's Mot. at 1. Because defendant Gali's motion argues for the application of contributory negligence, defendant Reit appears at first blush to adopt defendant Gali's contributory-negligence defense. *Id.;* Def. Gali's Mot. at 8–13. Defendant Reit, however, later dispels such an interpretation by expressly stating in its reply brief that "[t]he case at bar does not involve contributory negligence." Def. Reit's Reply at 3. Thus, the court gives effect to the substance of defen-

dant Reit's arguments by assuming that contributory negligence is not in play between it and the plaintiff. *Id.*

4. There may exist a hybrid to assumption of risk, arising when the theories of assumption of risk and contributory negligence overlap. *Piedmont v. Johnston,* 999 F.Supp. 34, 57, 58 (D.D.C.1998) (Attridge, M.J.) (citing *Sinai,* 498 A.2d at 526). Under the crossbreed, "recovery is barred because of the plaintiff's departure from the standard of reasonable conduct and notwithstanding the misconduct of the defendant." *Sinai,* 498 A.2d at 526 (quoting *Pritchard v. Liggett & Myers Tobacco Co.,* 350 F.2d 479, 484 (3d Cir.1965)). Defendant Reit neither recognizes nor advocates for the application of such a hybrid approach. As a result, the court need not address it.

The burden of proof on assumption of risk rests with defendant Reit. *See White*, 780 F.2d at 108 (emphasizing that "[t]o prevail on its assumption of risk defense, the [defendant] must prove that [the plaintiff] had full comprehension and appreciation of the risk she was assuming" (quotation omitted)). In support of summary judgment, defendant Reit argues that the plaintiff subjectively knew that her steps carried the risk of injury because she saw a wet-floor sign and noticed the floor's slippery state, but nevertheless continued to march forward in the face of danger. Def. Reit's Mot. at 13.

In response, the plaintiff asserts that she did not subjectively appreciate the full extent of the risk because when she decided to walk over the floor, she believed the wet substance to be water, a fluid less slippery than wax. Pl.'s Opp'n at 4–5. But she does not stop there. The plaintiff also advances specific facts to illuminate a genuine issue with respect to the subjective-knowledge element. *Kingman Park*, 348 F.3d at 1041; *Greene*, 164 F.3d at 675. The plaintiff offers her deposition testimony and answers to interrogatories, which tend to show that she may not have subjectively appreciated the risk associated with wax on that fateful day. Pl.'s Opp'n at 4–5. She specifically highlights those portions of her testimony which explain that before stepping onto the affected area, she had failed to realize "that the floor surface was not just wet, but had been coated with extremely slippery wax and/or soap." *Id.* at 4 n. 8. The plaintiff's testimony also suggests that by the time she understood that she was coming up against a substance slicker than water, it was too late to avoid peril because she was already on top of the slippery surface. *Id.*

Again referring to her deposition testimony, the plaintiff further states that she could not have formed a more definite opinion ahead of time as to what substance the janitorial personnel actually employed to clean the floor because their cleaning activities did not usually occur during her regular work hours. *Id.* at. 4. In sum, the plaintiff supports her position with evidence that sufficiently establishes a genuine issue on whether the plaintiff subjectively appreciated the danger from the presence of wax rather than water on the floor's surface. *Celotex*, 477 U.S. at 322, 106 S.Ct. 2548; *Greene*, 164 F.3d at 675; *White*, 780 F.2d at 108; *see also Sinai*, 498 A.2d at 524 (identifying subjective knowledge as one of the elements for assumption of risk).

A comparison of the parties' briefs make clear that defendant Reit offers nothing more than an unsupported belief or hunch that the plaintiff "proceeded to walk over [the wet floor] with full knowledge of the facts." Def. Reit's Reply at 3. Such a declarative statement alone does not satisfy defendant Reit's burden of proving that there is no genuine issue of material fact on the elements of its affirmative defense. *Celotex*, 477 U.S. at 322, 106 S.Ct. 2548; *Diamond*, 43 F.3d at 1540. To determine that defendant Reit has met its burden, the court essentially would have to turn a blind eye to the plaintiff's supported and unrebutted position that she did not fully understand the menace ahead of her. The court is loath to make such a quantum leap. Instead, the court requires defendant Reit to "show that the plaintiff possessed full comprehension and appreciation of the danger" in order to prevail on its affirmative defense.[5] *White*, 780 F.2d at 108.

---

5. To the extent that defendant Reit asks the court to judge the credibility of the plaintiff's deposition testimony, the court declines the invitation. Slicing through a credibility knot is a task more properly suited to a jury. *Borgo v. Goldin*, 204 F.3d 251, 258 (D.C.Cir. 2000) (explaining that a jury must answer a

**22**

Without pointing to evidence that the plaintiff subjectively knew of the existence of the risk and appreciated its unreasonable character, *Jarrett,* 751 A.2d at 986; *Sinai,* 498 A.2d at 524, defendant Reit will not be able to summarily secure a ruling in its favor on assumption of risk. *White,* 780 F.2d at 108; *Maalouf,* 208 F.Supp.2d at 42. Did the plaintiff actually know the risk facing her as she proceeded to walk across the newly-waxed floor? The answer is for the jury to decide. This is not to say that as discovery progresses, there will not come a day before trial when the facts support defendant Reit's affirmative defense. The court simply concludes that today is not that day. Accordingly, the court must deny defendant Reit's motion for summary judgment without prejudice.

### IV. CONCLUSION

For the foregoing reasons, the court grants defendant Gali's motion for summary judgment and denies defendant Reit's motion for summary judgment without prejudice. An order directing the parties in a manner consistent with this Memorandum Opinion is separately and contemporaneously issued this 6th day of May 2004.

question of credibility because it is "not a question of law for the court") (citing *Hay-*man v. Nat'l Acad. of Sciences, 23 F.3d 535, 537 (D.C.Cir.1994)).